JAMES H. MERRIMON and E. STERNBERGER v. A. H. LY-
MAN et al.

(Decided April 11, 1899).

### *Tax Title—Redemption.*

Where land has been sold for taxes and bid off by the County Com-
missioners, but is redeemed for the owners, by payment of
taxes, interest and costs, although some time after the time
limited by law, a subsequent order to the tax collector to
make a deed to another party is invalid, and the deed is of
no effect.

CIVIL ACTION for recovery of land, tried before *Hoke, J.,*
at July Special Term, 1898, of BUNCOMBE Superior Court.

The plaintiffs claimed the land known as the *Riverside
Park,* in Asheville, by purchase and deed from C. E. Graham,
trustee of Natt Atkinson and P. F. Patton, at sale made Au-
gust 10, 1895. The defendants claimed under tax deed of
J. H. Weaver, Tax Collector of Buncombe County, dated
April 17, 1895. The tax sale was for the taxes of 1892 and
was made by D. L. Reynolds, Tax Collector, on 22d May,
1893, and the land was bid off by the county. On 12th
March, 1895, Graham, the trustee, paid Weaver, the Tax
Collector, the taxes in full, due upon the land for 1892, and
Weaver entered the fact of redemption upon his "Redemp-
tion Book."

On April 1, 1895, the County Commissioners passed this
order: "Ordered that J. H. Weaver, Tax Collector, be in-
structed to transfer to A. H. & C. E. Lyman all the tax sales
for 1892 and 1893, making deeds for 1892 sales and certifi-
cates for 1893—the certificates to be paid for now; the deeds
to be paid for by June 1, 1895."

It was in pursuance of this order that Weaver made the deed to the defendants of April 17, 1895. There was considerable contention and evidence *pro* and *con* whether this deed had a seal to it at the time of execution. In response to an issue the jury found it was affixed in the fall of 1896. The case, however, turned upon the effect of the tardy payment of the taxes of 1892 by Graham, trustee, in 1895. The defendants contended that such payment was made without authority on the part of Weaver, then Tax Collector, to receive the taxes, interest and costs, in redemption of the property.

The fifth issue was: "Are plaintiffs owners of land sued for and described in complaint?" His Honor instructed the jury that if they believed all the evidence, to answer this issue "Yes," which they did.

Defendants excepted. Judgment for palintiffs. Appeal by defendants.

*Messrs. Davidson & Jones,* and *Shepherd & Busbee,* for appellants.

*Messrs. Merrimon & Merrimon* and *W. B. Gwyn,* for plaintiffs.

MONTGOMERY, J. This action was brought for the recovery of the possession of certain real estate situated in the City of Asheville, North Carolina, the right of the plaintiffs to recover being resisted by the defendants, who claim the property under a certain deed executed by J. H. Weaver, once a tax collector of Buncombe County, the deed bearing date the 17th of April, 1895.

In making out their title to the property the plaintiffs introduced as one of the evidences a deed of trust dated May 30, 1892, from Natt Atkinson and wife and P. E. Patton and wife to C. E. Graham. One of the exceptions of the defendants

is to the ruling of his Honor in receiving this deed in evidence. The exception is that the deed was not properly registered because the probate failed to direct its registration. A copy of the deed is not in the case on appeal nor is the language of the probate set out so that we can see whether the same embraced an order for registration in sufficient form. The exception is not in such a shape as that we can take notice of it. However, there is no reference to the exception in the brief of the defendant and it may be presumed that it was abandoned. The deed was in fact registered, and there is nothing before us upon which we could say that it was registered improperly. That was the only objection made to the plaintiff's evidences of title; and unless the deed from the Tax Collector to the defendant is such a one as to convey the property to the defendant the plaintiffs have made out their title and are entitled to the possession of the property.

It appeared in the case that the property was sold by D. L. Reynolds in 1893, and bid off by the County Commissioners of Buncombe; that some time after the time in which the law allows the redemption of real estate which has been sold for taxes, by the owners, the Commissioners ordered Weaver to make a deed for the property, and that the same was done, the deed bearing date the 17th of April, 1895. The jury, however, found in response to the 4th issue, that the property had been redeemed at the time the defendant took his deed for the same.

The defendants contended that the instructions of his Honor upon the 4th issue were erroneous, alleging that there was no evidence tending to show that Weaver, the Tax Collector, had any authority from the Commissioners to receive from the plaintiffs the taxes, interest and costs in redemption of the property. The evidence was not as direct and as clear as it might have been on the point, but we are of the opinion

that it was sufficient to be submitted to the jury. Weaver himself testified that he did not have the tax-books for 1892 in his hands when he received from the plaintiffs the taxes of 1892, but he said he received redemption money, and throughout his testimony he constantly referred to the redemption book and to his receiving money upon it.

The property having been redeemed by the plaintiffs before the order of the County Commissioners was made directing the Tax Collector, Weaver, to make a deed to the property to the defendants (even if the order was of any validity) the deed was of no effect, and his Honor's instruction to the jury to answer the fifth issue, "Are the plaintiffs owners of the land sued for and described in the complaint?", "Yes," if they believed all the evidence was correct.

There was no error.    Affirmed.