J. H. MERRIMON *et al.* v. A. H. LYMAN *et al.*

(Decided May 15, 1900.)

*Judgment of Supreme Court, Final—Tax Sale—Motion to Amend Answer.*

1. Certificate from Supreme Court announcing no error in the judgment appealed from, precludes the court below from all right or power to modify that judgment in any respect. This can only be done by a direct proceeding alleging fraud, mistake or imposition.

2. A motion by defendant to amend his answer and raise an issue upon a matter decided against him by the jury in the former trial, viz., that the land had been redeemed from tax sale at the time defendant bought and took his deed, is without precedent.

CIVIL ACTION for recovery of land, heard on petition to amend answer after affirmation of judgment by Supreme Court in favor of plaintiff, before *Coble, J.,* at August Term, 1899, of BUNCOMBE Superior Court. Application denied, defendant appealed. Same case reported in 124 N. C., 434.

*Messrs. Davidson & Jones,* for appellant.

*Messrs. Merrimon & Merrimon,* and *J. A. Shuford,* for appellee.

MONTGOMERY, J. At July Special Term, 1898, of Buncombe Superior Court, a judgment was rendered in favor of the plaintiffs to the effect that they were the owners of the land in dispute; that the alleged tax title under which the defendant Lyman claimed and the proceedings and sale were null and void, and that the possession of the defendants was wrongful and unlawful, and that the plaintiffs recover of the defendants possession of the land and their costs.

On appeal by defendants the judgment of the Superior Court was affirmed by this Court at February Term, 1899, and the certificate sent down. 124 N. C., 434.

At August Term, 1899, of the Superior Court, the plaintiffs moved for judgment according to the certificate of the Supreme Court, when the defendant Lyman made an application to be allowed to set up a lien on the land for the taxes of 1892, which the defendant, in his answer, averred that he had paid when he bought the land at the tax sale. The judgment was entered and the application of the defendant was denied, and he appealed.

A bond to stay the execution of the judgment was allowed by the court below to be filed by the defendant, notwithstanding the refusal of the Court to grant the defendant's application to set up a lien on the land for the taxes alleged to have been paid by him.

The application of the defendant was, in effect, a motion to be allowed to amend his answer and to raise an issue upon a matter which had been decided against him by the jury in the former trial, viz, that the land had been redeemed from tax sale at the time the defendant bought and took his deed. Certainly such a proceeding would have been an unheard of one in North Carolina. In *Calvert v. Peebles,* 82 N. C.,334, it is declared that when the Supreme Court announces by its decision that there is no error in the judgment of the court below, that court has no right or power to modify that judgment in any respect, and that this can be done only by a direct proceeding alleging fraud, mistake, imposition, etc. *Dobson v. Simonton,* 100 N. C., 56; *Morehead Banking Co. v. Morehead,* at this term.

It seems that the defendant's claim to be reimbursed for the amount which he paid for the land at the tax sale is based on the case of *Huss v. Craig,* 124 N. C., 743. But this case

is not like that.   Here, the jury found that the land was redeemed at the time the defendant got his deed for the same , and we are to presume that it was redeemed by the payment of the taxes of 1892 by the party entitled under the law to redeem.    The facts in *Huss v. Craig* were just the other way.

The decision of this Court affirming the judgment below was properly entered in the Superior Court of Buncombe County, and the application of the defendant was properly refused.

The stay of the execution ought not to have been allowed, and that was the only error in the proceedings.    With that exception, they are

Affirmed.